UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SUNDRA FRANKS

     Plaintiff,

             VERIFIED COMPLAINT

   -against-    CV 13  3056

CITY OF NEW YORK and NEW YORK CITY POLICE
OFFICER RICHARD DINKLE, Shield # 28075

     Defendant,      MAUSKOPF, J.

-------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This is an action for monetary damages (compensatory and punitive) against the City of New York, and Police Officer RICHARD DINKLE, shield # 28075, arising out of the false arrest, assault, battery and false imprisonment of SUNDRA FRANKS, the complainant herein.

2. On July 18, 2012, at approximately 0437 hours, Police Officer Richard Dinkle, a New York City Police Officer, acting under the color of State law, intentionally and willfully subjected the Plaintiff to, <u>inter alia</u>, assault, battery, false arrest, false imprisonment and detention for acts of which the Plaintiff was innocent.

## JURISDICTION

3. This action is brought pursuant to 28 U.S.C. Sections 1331, 42 U.S.C. Sections 1983 and 1985, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States. Pendant jurisdiction, pendant party jurisdiction and supplementary jurisdiction over Plaintiff's state law claims is asserted.

Page -1-

4. The amount in controversy exceeds $75,000.00 excluding interest and cost.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the Defendant City of New York and the Police Department of the City of New York is located within the Eastern District of New York and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. That at all times mentioned herein, the Plaintiff SUNDRA FRANKS, was and still is a resident of the County of Richmond, City and State of New York.

7. That at all times hereinafter mentioned, the Defendant CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing pursuant to the Constitution and Laws of the State of New York.

8. That at all times hereinafter mentioned, the Defendant, City of New York, was and still is a municipal corporation doing business in the State of New York.

9. That at all times hereinafter mentioned, the individual Defendant, Police Officer Richard Dinkle, shield # 28075 was at all times relevant hereto, an employee of the City of New York as police officer.

10. At all times mentioned herein, defendants were acting under the color of state law, to wit. Under color of the statutes, ordinances, regulations, policies, custom and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On July 18, 2012, the Defendants maliciously and with intent to injure the Plaintiff

forcibly arrested the Plaintiff at the 120 Precinct, Staten Island, New York, forcibly detained the Plaintiff, subjected him to assault and battery, imprisoned and detained him there, restrained him of his liberty, without any right to do so, and against the will of the Plaintiff.

12. That on or about July 18, 2012, the defendants, their agents and employees wrongfully and falsely accused the Plaintiff SUNDRA FRANKS of the crimes of Attempted Murder 2nd Degree, Assault 1st Degree, Criminal Possession of a Weapon in the 2nd Assault in 2nd Degree, among other charges.

13. That the said arrest and imprisonment was caused by the Defendants, their agents, servants and employees without a warrant, or other legal process, without probable cause and without authority of the law and without reasonable cause or belief that the Plaintiff SUNDRA FRANKS was indeed guilty of the aforesaid crimes.

14. That the Defendants, their agents, and employees acting within the scope of their authority and within the scope of their employment, wrongfully, unlawfully and without a sufficient charge having been made against him, detained and imprisoned the Plaintiff SUNDRA FRANKS and directed that he be placed under arrest.

15. That the Defendants, their agents and employees had the opportunity to know or should have known that the Plaintiff SUNDRA FRANKS was wholly innocent of the aforesaid criminal charges and did not contribute in any way to the conducts of Defendants, their agents and employees and was forced by the Defendants to submit to the aforesaid arrest.

16. That on or about July 18, 2012 the Defendant, their agents and employees intended to confine the Plaintiff, that the Plaintiff was conscious of said confinement and did not consent to the confinement and said confinement was not otherwise privileged.

17. That by reason of the false arrest, malicious prosecution, false imprisonment and detention of the Plaintiff, the Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, charged and prosecuted with the various crimes, and greatly injured in his character, credit and circumstances and has been prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain both in mind and body, and loss of employment opportunities.

18. That on or after July 18, 2012, the Defendants, their agents and employees maliciously prosecuted and detained the Plaintiff SUNDRA FRANKS without any just grounds therefore.

19. **That the Plaintiff was and is wholly innocent and was forced by the Defendants, their agents and employees to submit to court proceedings for a protracted period of time until the case was dismissed.**

20. That the said criminal charges and prosecution were instituted and procured by the Defendants, their agents and employees unlawfully, intentionally, maliciously, in bad faith and without any reasonable or probable cause whatsoever and with grossly negligent disregard for Plaintiff's rights, and in violation of the civil and constitutional rights of the Plaintiff, and that the commencement and continuation of the criminal proceedings by the Defendants, their agents and employees against the Plaintiff SUNDRA FRANKS was without probable cause, with actual malice and was terminated in favor of the Plaintiff.

21. That by reason of the foregoing malicious prosecution, the Plaintiff was deprived of his liberty, was subjected to great indignity, humiliation, pain and great distress of mind and body and was held up for scorn and ridicule, was injured in his character and reputation, was prevented from attending his usual business and vocation, was injured in his reputation in the community

and was caused to lose financially, all to his damage otherwise.

22. At no time did the Plaintiff offer resistance as Police Officer RICHARD DINKLE and other police officers assaulted and arrested the Plaintiff.

23. The arrest of the Plaintiff was committed by the Defendants without an arrest warrant or other legal process and without probable cause.

24. The Plaintiff remained in custody for more than FIVE (5) DAYS before being brought before a judge in criminal court and released.

## FIRST CAUSE OF ACTION
## (ASSAULT)

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Upon approaching the Plaintiff and arresting him, Defendants made Plaintiff fear for his physical well being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

27. Defendants have deprived the Plaintiff of his civil, constitutional and statutory rights and are liable to the Plaintiff under 42 U.S.C. Section 1983 and 1985 and the New York State Constitution.

28. Plaintiff was damaged by the Defendant's assault in the amount of Three Hundred Thousand ($300,000.00) Dollars.

## SECOND CAUSE OF ACTION
## (BATTERY)

29. Paragraphs 1 through 28 are incorporated herein by reference.

30. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him.

31. Defendants used excessive and unnecessary force with the Plaintiff

32. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to the Plaintiff under 42 U.S.C. Section 1983 and 1985 and the New York State Constitution.

33. Plaintiff was damaged by the battery of the Defendants in the amount of Three Hundred Thousand ($300,000.00) Dollars.

## THIRD CAUSE OF ACTION
## (FALSE ARREST)

34. Paragraphs 1 through 33 are incorporated by reference.

35. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

36. The defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. Sections 1983 and 1985 and the New York State Constitution.

37. As a result of the false arrest, imprisonment, and deprivation of liberty, Plaintiff was damaged in the sum of Three Hundred Thousand ($300,000.00) Dollars.

## FOURTH CAUSE OF ACTION
## (MUNICIPAL LIABILITY)

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. The Defendant City of New York is liable for damages suffered by the Plaintiff as a result of the conduct of its employees, agents and servants and the others whose names are currently unknown.

40. The Defendant City of New York knew or should have known of their employees' agents' or servants' propensity to engage in the illegal and wrongful acts detailed above.

41. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, improperly held and/or detained such individuals without probable cause, and made, and allowed other fellow police officers to make, false entries in official department records to cover up and hide their wrongful conduct; defendants committed such actions with a racially discriminatory motive and manner.

42. Defendant City of New York has failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar case involving misconduct.

43. Defendant City of New York has damaged the Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar case involving police misconduct.

44. Defendants subjected Plaintiff to false arrest, assault and battery, false imprisonment solely on the basis of his race, ethnic background and/or color.

45. Plaintiff has been damaged as result of the wrongful, negligent and illegal acts of the Defendant City of New York in the amount of Three Hundred Thousand ($300,00.00 ) Dollars.

### FIFTH CAUSE OF ACTION
### (42 U.S.C. Sections 1981 & 1983)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. Defendants have deprived Plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to the Plaintiff under 42 U.S.C. Sections 1981 and 1983 and the New York State Constitution.

Sections 1981 and 1983 and the New York State Constitution.

48. Defendants' conduct was motivated by anti-Black American animus.

49. Plaintiff was mistreated by defendants due to his ethnic background.

50. Plaintiff has been damaged as a result of the defendants' wrongful acts in the amount of Three Hundred Thousand ($300,000.00.) Dollars.

## SIXTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

51. Paragraphs 1 through 50 are incorporated herein by reference

52. That the said criminal charges, prosecution were instituted and procured by the defendants and their agents unlawfully, intentionally, maliciously, in bad faith and without any reasonable or probable cause whatsoever and with gross negligent regard of Plaintiff's rights, and in violation of the civil and constitutional rights of the Plaintiff, and that the commencement and continuation of the criminal proceedings by the Defendants and their agents against the Plaintiff SUNDRA FRANKS was without probable cause , with actual malice and was terminated in favor of the Plaintiff. As a result Plaintiff has been damaged in the amount of $300,000.00.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of Plaintiff in the amount of Three Hundred Thousand ($300,000.00) Dollars on each of Plaintiff's Cause of Action;

B. Awarding Plaintiff punitive damages in the amount of Three Hundred Thousand ($300,000.00) Dollars on each of Plaintiff's Cause of Action;

C. Awarding Plaintiff reasonable attorney's fees, cost and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: Staten Island, New York
      April 30, 2013

                                                PHILIP O. OHENE, Esq.
                                                Attorney for Plaintiff
                                                805 Castleton Avenue
                                                Staten Island, NY 10310
                                                (718) 727-6607

Case 1:13-cv-03056-RRM-MDG Document 1 Filed 05/24/13 Page 9 of 9 PageID #: 9